**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4736**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

KEVIN LABRICIO FRAZIER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  James C. Fox, Senior
District Judge.  (4:11-cr-00113-F-3)

_____

Submitted:  May 30, 2013              Decided:  June 6, 2013

_____

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville,
North Carolina, for Appellant.  Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On March 7, 2011, Kevin Labricio Frazier and his brother robbed a branch of the First South Bank in Greenville, North Carolina. Frazier pled guilty to armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2 (2006) (Count Three), and using or carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance thereof, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (2006) (Count Four). The district court sentenced Frazier to forty-six months' imprisonment on the bank robbery charge, the top of the Guidelines range, to be followed by eighty-four months' imprisonment on the firearm offense, for a total sentence of 130 months in prison. Frazier timely appeals, arguing that the forty-six-month sentence he received on the armed robbery count is substantively unreasonable, because it is greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a) (2006).

This court reviews a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, the defendant does not challenge the procedural reasonableness of his sentence, we review the sentence only for substantive reasonableness, applying the abuse-of-discretion standard. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The

2

sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a). In reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the properly calculated Guidelines range, this court applies a presumption on appeal that the sentence is substantively reasonable. Id. at 216-17. Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Frazier argues that, under the totality of the circumstances, he should have received a sentence at the bottom of the Guidelines range on Count Three, primarily relying on his claim that his brother had a greater role in the robbery and that the charges against his brother's co-defendant in a separate armed robbery were dismissed.* "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.), cert. denied, 132 S. Ct. 187

---

* Frazier was not charged in the February 2, 2011 armed robbery, which occurred while he was in state custody serving a sentence on unrelated charges.

3

(2011).  In imposing a sentence at the top of the Guidelines range on Count Three, the district court focused on Frazier's risk of recidivism, emphasizing that he committed the robbery only a week after his release from custody on a state sentence. We conclude that Frazier has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we affirm Frazier's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4